Judge McMahon

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------X

DAVID BURRILL,

             Plaintiff,

  - against -

PERCY MILLER a/k/a MASTER P;
PERCY ROMEO MILLER, JR. a/k/a
ROMEO; TAKE A STAND RECORDS;
URBAN DIGITAL RECORDS; GO
DIGITAL RECORDS; INDEPENDENT
ONLINE DISTRIBUTION ALLIANCE,
INC.; and WAL-MART STORES, INC.,

             Defendants.

------------------------------------------------X

08 CIV 6802

CIV. ACTION NO.: 08-cv-

**COMPLAINT FOR COPYRIGHT
INFRINGEMENT AND FALSE
DESIGNATION OF ORIGIN**



Plaintiff David Burrill, by and through his attorneys, hereby files this Complaint on personal knowledge as to his own activities and on information and belief as to the activities of others:

## THE PARTIES

1. Plaintiff David Burrill is an individual and resides in Youngsville, North Carolina.

2. Defendant Percy Miller a/k/a Master P, ("Master P") is an individual and, upon information and belief, resides in Beverly Hills, California.

3. Defendant Percy Romeo Miller, Jr. a/k/a Romeo, ("Romeo") is an individual and, upon information and belief, resides in Beverly Hills, California.

4. Defendant Take A Stand Records, ("Take A Stand") is, upon information and belief, a corporation organized and existing under the laws of California, with its principal place of business and executive offices in the state of California.

5. Defendant Urban Digital Records, ("Urban Digital") is a limited liability company organized and existing under the law of California, with its principal place of business and executive offices in the state of California.

6. Defendant Go Digital Records LLC, ("Go Digital") is a limited liability company organized and existing under the laws of California, with its principal place of business and executive offices in the state of California.

7. Defendant Independent Online Distribution Alliance, Inc., ("IODA") is a corporation organized and existing under the laws of California, with its principal place of business and executive offices in the state of California.

8. Defendant Wal-Mart Stores, Inc., ("Wal-Mart") is a corporation organized and existing under the laws of Delaware, with its principal place of business and executive offices in the state of Arkansas.

## JURISDICTION AND VENUE

9. This is an action for: (a) copyright infringement in violation of the Copyright Law, 17 U.S.C. §§501, *et. seq.* and (b) false designation of origin in violation of 15 U.S.C. §1125(a), both of which activities have occurred in this District and elsewhere in interstate commerce.

10. Subject matter jurisdiction for the claim of copyright infringement and false designation of origin is proper in this Court pursuant to 28 U.S.C. §§1331, 1332, 1338(a), 17 U.S.C. §501 and 15 U.S.C. §1125(a).

11. This Court has personal jurisdiction over the defendants in that each of the Defendants transact business throughout the State of New York including this District.

12. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) in that each of the Defendants transact business within this District. Further, venue is appropriate because each Defendant, without permission of the copyright owner, disseminated over the

Internet copyrighted works owned and controlled by the Plaintiff. Such illegal dissemination occurred in every jurisdiction in the United States, including this District.

## FACTUAL BACKGROUND

13. David Burrill is a highly successful songwriter and music producer who has created multiple original hit songs that have appeared on the Billboard Music Charts.

14. Burrill is the exclusive copyright owner of both the sound recording and the underlying musical composition of the song entitled "Casual Thing."

15. "Casual Thing" was registered by plaintiff as part of a compilation entitled "Baby Makers" under U.S Copyright Registration Number PAu2-950-761 on March 21, 2005.

16. Burrill made "Casual Thing" available for approved licensed uses via the internet sites www.myspace.com and www.soundclick.com, and otherwise.

17. A music producer, working under the name Infoproductions, upon information and belief, sampled a substantial portion of "Casual Thing" without proper authorization from Burrill and offered it for sale as an original composition.

18. Upon information and belief, defendants Master P and Romeo purchased the recording from Infoproductions, and without any investigation as to the validity of the transaction or the rights of Infoproductions, to sell or distribute the composition. No further communication between Master P and Romeo on the one hand and Infoproductions on the other took place.

19. Master P and Romeo used a significant portion of "Casual Thing", without any authorization from Burrill, to record a song entitled "My Life" (the "Infringing Work").

20. Master P, Romeo and Take A Stand authorized reproductions of the Infringing Work and distributed them to third parties.

21. Upon hearing the Infringing Work and recognizing the use of the sample of "Casual Thing", Burrill enlisted the services of musicologist Anthony Ricigliano to analyze the

similarity of the two works. After his analysis, Ricigliano found the two works to be substantially similar.

22. The owner of a copyright has the exclusive right to or authorize others to reproduce, distribute and sell the protected work.

23. Burrill sent a letter to Master P and Take a Stand on April 3, 2008 to inform them of his rights and to demand that they cease all infringing conduct.

24. As of the filing of this Complaint, Master P, Romeo and Take A Stand, along with defendants, Urban Digital and Go Digital, have not complied with Burrill's request and continue to profit from the unauthorized reproduction, distribution, offer to sell and the sale of the Infringing Work infringing Burrill's exclusive rights in "Casual Thing."

## FIRST CLAIM OF RELIEF

### (Copyright Infringement Under 17 U.S.C. §§501, *et. seq.*)

25. Burrill repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth herein.

26. Burrill has never authorized, licensed or otherwise permitted any of the defendants to reproduce, distribute, or sell copies of the musical composition "Casual Thing."

27. Defendants have reproduced, distributed and sold copies of the musical composition "Casual Thing" in connection with the creation, distribution, and sale of the Infringing Work, which contains substantial similarities to "Casual Thing."

28. As a direct and proximate result of the Defendants' unauthorized reproduction, distribution and sale of the musical composition "Casual Thing," Burrill has suffered damages in an amount to be proved at trial. In the alternative, Burrill is entitled to statutory damages under the Copyright Act based on the Defendant's willful and unauthorized reproduction, distribution, and sale of the musical composition "Casual Thing."

29. Defendants have realized unjust profits, gains and advantages as a proximate result of their infringement.

30. Burrill does not have an adequate remedy at law, and will continue to be damaged by Defendants' acts of copyright infringement unless this Court enjoins Defendants from such infringing practices.

## SECOND CLAIM OF RELIEF

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN

## (15 U.S.C. § 1125(a))

31. Burrill repeats and realleges all the preceding paragraphs as if fully set forth herein.

32. Burrill and the Defendants are direct competitors in the market for music creation, production, distribution and sale.

33. A significant portion of the musical composition and sound recording of the Infringing Work is nearly identical or substantially similar to the musical composition and sound recording of "Casual Thing" and, as such, the Defendants' sale of the Infringing Work is likely to cause confusion to the general purchasing public.

34. By copying and/or arranging for the copying, advertising, distributing, offering for sale and selling identical or substantial similar copies of Burrill's musical composition and sound recording entitled "Casual Thing" and renaming it as the Infringing Work, the Defendants misrepresent and falsely describe to the general public the origin and source of the Infringing Work and create a likelihood of confusion by ultimate purchasers and to others hearing the Infringing Work as to the source of the musical composition and sound recording.

35. The Defendants have realized unjust profits, gains and advantages as a proximate result of its unfair competition.

36. Burrill does not have an adequate remedy at law, and will continue to be damaged by Defendants' false designation of origin unless this Court enjoins Defendants from such practices.

## PRAYER FOR RELIEF

WHEREFORE, Burrill prays for the following relief against all Defendants:

1.   That all Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them be permanently enjoined from directly or indirectly infringing the "Casual Thing" copyright in any manner, including, but not limited to, reproducing and/or publicly performing the "Casual Thing" musical composition or sound recording, or by distributing, importing, exporting, advertising, selling, and/or offering for sale, or causing others to do so, any product, including without limitation digital music files, compact disc recordings, and musical transcriptions, consisting of a musical composition or sound recording substantially similar to "Casual Thing";

2.   That Defendants be required to effectuate the recall, removal, and return from commercial distribution, of both digital and physical product, and/or public display of:

   (a)   Any products consisting of a musical composition or sound recording substantially similar to "Casual Thing" distributed, imported, exported, advertised, sold, and/or offered for sale by the Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them; and

   (b)   Any promotional and/or advertising materials, packaging, or other items consisting of a musical composition or sound recording substantially similar to "Casual Thing" used or displayed by the Defendants, their officers, agents, servants, employees, representatives, confederates, successors and assigns, and all persons and entities acting for, with, by, through, or under them;

3.   That the Defendants be required to deliver up for destruction all of the items called for by Paragraph 2 of this Prayer for Relief, above, as well as any remaining products,

advertising, packaging, patterns, or other items consisting of a musical composition or sound recording substantially similar to "Casual Thing," that are in the Defendants' custody or control;

4. That Defendants, within thirty (30) days after service of judgment with notice of entry thereof upon it, be required to file with the Court and serve upon Burrill a written report under oath setting forth the details of how Defendants have complied with Paragraphs 1 through 3 of this Prayer for Relief, above;

5. For an award of actual damages sustained by Burrill;

6. For an award of Defendant's profits attributable to its copyright infringement and acts of unfair competition, including a trebling of such profits;

7. If elected by Plaintiff, for the maximum statutory damages as permitted under the Copyright Act;

8. For such other amounts as may be proper under 17 U.S.C. § 504;

9. For an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505 and/or 15 U.S.C. § 1117;

10. For prejudgment interest as permitted by law;

11. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Dated: New York, New York
July 28, 2008

                                                    Respectfully submitted,
                                                    Law Offices of Bruce Levinson

                                   By:    /s/  Bruce Levinson
                                           Bruce Levinson (BL-0749)
                                           Attorneys for Plaintiff David Burrill
                                           747 Third Avenue, Fourth Floor
                                           New York, New York 10017-2803
                                           (212) 750-9898